Tbe opinion of tbe Court was delivered by
Wardlaw, J.
There must necessarily be somewhere a power to excuse jurors. It has been long exercised by the Judge presiding on the circuit, and bis discretion in the exercise of it could not be beneficially controlled. When a juror has been excused, be is no longer in attendance as a juror; bis name should not appear in a copy of the panel, and be must be treated as though be bad never been drawn. Any surprise to those who desire to exercise witb care the right of peremptory challenge may be guarded against by inquiries concerning excuses, and attention to those who answer when the panel is called over before a trial commences. We bave no information concerning the particular excuses wbicb were admitted in this case, and no doubt that the discretion of the Judge was judiciously exercised; but we avail *116 ourselves of the occasion to suggest the importance of uniform practice on this and some other subjects of discretion amongst the various Circuit Judges. Some written memorial of the fact that a juror is excused, the time when, and the general reason why, should always be left with the Clerk: ordinarily no more expedient form can be adopted than the Judge’s requiring an affidavit of the excuse, and writing thereon his order excusing the juror, with the date. Whatever is done should be done publicly in open Court; and upon the minutes of the Court should appear the fact that a particular juror was excused, entered at the proper time. In this case, it may well have been that the reason upon which a juror was excused Monday, was no longer operative when the same person was drawn as one of the tales Wednesday. The other excused juror was as much beyond the prisoner’s reach as any other man in the tales-box whose name had never been drawn.
In the case of The State vs. Wise & Johnson, 7 Rich, 412, the right of a defendant, in a capital case, to demand the polling of the jury was denied after full argument, and to that decision we adhere. The point with reference to a misdemeanor was settled in the same way so early as 1822, in the case of The State vs. Allen, 1 McC. 525. The subsequent case of The State vs. Harden, 1 Bail. 3, did no more than declare that where want of unanimity amongst the jurors was ascertained by polling or otherwise, the verdict was null. The Court must be satisfied that the verdict has the assent of all twelve jurors, and in its discretion may direct polling, but the regular form practised in cases of felony and pursued in this case —“This is your verdict: so say ye all” — if due solemnity be observed, and that is rarely if ever wanting in capital cases, makes it inexpedient that those who, by silence, have declared acquiescence, should be subjected to a proceeding which would be torturing to the timid, and might give occasion for abuses by overawing arts or disorder.
A patient hearing and careful examination have been given *117 to the case of the defendant. The Court is constrained to express its entire concurrence witb the opinion which the jury have declared by its verdict. The motive of the defendant does not appear from the evidence, but bis guilt of the premeditated murder of the victim of bis violence is so manifest that we are left to conjecture sucb motive as might induce bim to the commission of the atrocious act.
The motion is dismissed.
Dunkin, C. J., and Inglis, A. J., concurred.

Motion dismissed.